# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

CHRISTINE ADAMS, et al.,

    Plaintiffs,

v.                                Civil Action 2:17–cv–200
                                          Judge Algenon L. Marbley
                                          Magistrate Judge Jolson

OHIO UNIVERSITY, et al.,

    Defendants.

## ORDER

This matter is before the Court on the Motion of Liberty Mutual Fire Insurance Company ("Liberty") to intervene as an additional plaintiff. (Doc. 30). Defendant Andrew Escobedo ("Defendant Escobedo") opposes the Motion to Intervene. (Doc. 37). The Motion is unopposed by remaining Defendants, Joseph McLaughlin and Ohio University (Doc. 38), and Plaintiffs, Christine Adams and Susanna Hempstead (Doc. 39). For the reasons that follow, this Court **DENIES** Liberty's Motion to Intervene as Additional Plaintiff *Instanter*.

## I. BACKGROUND

On March 8, 2017, Plaintiffs filed this action against Defendant Escobedo and two others asserting various claims for relief, all stemming from Defendant Escobedo's alleged sexual harassment. (Doc. 1). On June 19, 2017, Plaintiffs amended their complaint to assert claims for violations of Title IX of the Education Amendments of 1971 ("Title IX claims"), violations the Fourteenth Amendment of the Constitution of the United States ("equal protection claims"), negligence, and injunctive relief. (Doc. 23).

Liberty moved to intervene on August 21, 2017. (Doc. 30). Liberty alleges that, at all times relevant to the underlying action, it insured Defendant Escobedo under a homeowner's

insurance policy. (*Id*. at 3). That policy provides for up to $300,000 in "personal liability" coverage. (Doc. 30-3 at 2, 16). Liberty seeks a determination of its duty to defend and/or indemnify Defendant Escobedo under this provision of the policy. (Doc. 30 at 3).

## II. MOTION TO INTERVENE

Liberty moves for intervention as of right pursuant to Fed. R. Civ. P. 24(a) or, in the alternative, for permissive intervention under Fed. R. Civ. P. 24(b).

### A. Intervention of Right

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that, upon timely motion, a third party must be permitted to intervene if he or she "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." According to the Sixth Circuit, a movant seeking to intervene under this rule must meet the following requirements:

> Rule 24(a) . . . establish[es] four elements, each of which must be satisfied before intervention as of right will be granted: (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court.

*Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993)).

The Sixth Circuit has "opted for a rather expansive notion of the interest sufficient to invoke intervention" as contemplated by the second factor, *id.*; however, this expansive view "does not mean that any articulated interest will do." *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 780 (6th Cir. 2007). Rather, the legal interest claimed must be both substantial and direct. *Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.,* 386 U.S. 129, 154 (1967) (The third party's interest must be "sufficiently direct and immediate to justify his entry

2

as a matter of right."); *see also Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989) (The intervener's interest "must be direct, not contingent.").

Indeed, "courts have routinely denied intervention on grounds that insurers contesting coverage have no more than a contingent interest in the underlying action." *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 2:09–cv–136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010) (denying insurer intervention for declaration that it no duty to defend or indemnify the defendant). As the First Circuit explained,

> There can be no dispute that an insurer has a direct interest in a lawsuit brought by an injured party against its insured when the insurer admits that the claim is covered by the policy in question. When the insurer [disputes] coverage, however, the insurer's interest in the liability phase of the proceeding is contingent on the resolution of the coverage issue.

*Travelers*, 884 F.2d at 638 (citing *Restor–A–Dent Dental Labs., Inc. v. Certified Alloy Prods.*, 725 F.2d at 874–76 (2nd Cir. 1984)); *see also Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-CV-01074, 2012 WL 645996, at *2 (N.D. Ohio Feb. 28, 2012). Courts have also refused to permit intervention on the basis that these types of claims do not relate to the property or transaction at issue in the underlying action, which is an express requirement of Fed. R. Civ. P. 24(a)(2). *Travelers*, 884 F.2d at 640 ("The problem with the second potential interest—that there is no coverage or that whatever coverage exists has been waived—is that it is not related to the subject matter of the action."); *Restor–A–Dent*, 725 F.2d at 876 (denying intervention because the amount the insurer may owe defendant under its policy did not qualify as interest in subject matter of action); *Siding & Insulation*, 2012 WL 645996, at *2 (denying insurer's motion to intervene because its duties under the insurance contract are "wholly a matter of state contract law and bear[ ] no relation to the underlying lawsuit"); *J4 Promotions, Inc.*, 2010 WL 1839036, at *3 (finding the "coverage issue" unrelated to the underlying copyright infringement and unfair competition claims).

Here, Liberty's interest is contingent upon a determination of Defendant Escobedo's liability and an adjudication of Liberty's obligations under the insurance contract. Liberty has other means for determining this insurance coverage question, such as a separate declaratory action. *J4 Promotions, Inc.*, 2010 WL 1839036, at *3. Until Liberty knows whether or not it owes a duty to defend and/or indemnify Defendant Escobedo, it has no direct interest in claims asserted against him in this case. *See, e.g.*, *Travelers*, 884 F.2d at 638 ("[T]he insurer's interest in the liability phase of the proceeding is contingent on the resolution of the coverage issue.").

Moreover, Liberty's claims do not relate to the transaction that is the subject of this suit. Plaintiffs assert Title IX, equal protection, and negligence claims arising from Defendant Escobedo's alleged sexual harassment. (Doc. 23). Liberty claims a state–law contractual dispute between an insurer and insured over the extent of coverage. (Doc. 30). These distinct claims necessarily will involve the application of different laws and the presentation of different evidence. Simply put, Liberty's interest (insurance coverage) bears no relation to the subject-matter of the underlying action (alleged sexual harassment). *See Travelers*, 884 F.2d at 640 ("We will not permit [insurers] . . . to drag substantive issues of insurance law into a lawsuit whose subject matter is the allocation of liability…."). Accordingly, Liberty has no right to intervene under Fed. R. Civ. P. 24(a)(2).

B.     **Permissive Intervention**

The Court also considers Liberty's argument that the Court should allow permissive intervention. Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." As discussed previously, Liberty's contract claim is unrelated to Plaintiffs' claims for damages flowing from Defendant Escobedo's alleged

4

sexual assault. Liberty thus cannot establish that its claim shares common questions of law or fact with Plaintiffs' claims. *See, e.g.*, *Design Basics, LLC v. A.J. Bokar Bldg. Co.*, No. 16–cv–669, 2016 WL 6067780, at *2 (N.D. Ohio Oct. 17, 2016) ("For the same reasons that [the movant] lacks a substantial legal interest in the outcome of the underlying litigation, it cannot establish that its insurance action shares questions of law and facts with the underlying copyright action."); *Trs. of Painting Indus. Ins. Fund v. Glass Fabricators, Inc.*, No. 1:14–cv–00313, 2014 WL 5878201, at *3 (N.D. Ohio Nov. 10, 2014) (denying permissive intervention because declaratory judgment and underlying action would "require different evidence and different laws will apply"). Accordingly, the Court finds permissive intervention unwarranted.

### III. CONCLUSION

Based upon the foregoing, Liberty has not established that intervention is warranted under either Fed. R. Civ. P. 24(a) or 24(b). Accordingly, Liberty's Motion to Intervene *Instanter* is **DENIED**.

#### Motion to Reconsider

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a Motion for Reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The Motion must specifically designate the Order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the Motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This Order is in full force and effect even if a Motion for Reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

5

IT IS SO ORDERED.


Date: October 16, 2017	/s/ Kimberly A. Jolson
	KIMBERLY A. JOLSON
	UNITED STATES MAGISTRATE JUDGE